**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RANDY ROBERTSON                                                                                    PLAINTIFF

v.                                              4:13CV00508-KGB-JTK

BRUCE PENNINGTON, et al.                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Randy Robertson is a former inmate who filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, while incarcerated at the Saline County Detention Center (Jail) (Doc. No. 1). In his Amended Complaint filed on October 8, 2013, Plaintiff claims that he was scheduled to undergo surgery to repair a broken collar bone and shoulder issue on the day following his arrest and detention at the Jail (Doc. No. 14, p. 4.) However, Defendants Pennington and Birdsong would not transport him to have the surgery, and Plaintiff suffered pain since his arrest on June 24, 2013. (Id.) Plaintiff asks for damages from Defendants.[1]

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 49), to which Plaintiff has responded (Doc. No. 53). Defendants also provided additional medical information, in the form of a Reply (Doc. No. 58), pursuant to this Court's October 8, 2014 Order

---

[1] The Court dismissed Plaintiff's allegations of improper charges for medical care and meals, excessive commissary and telephone prices, and improper sentencing, by Order dated February 10, 2014 (Doc. No. 40).

2

(Doc. No. 54).

## II. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendant's Motion

Defendants state that Plaintiff fails to show that they acted with deliberate indifference to his serious medical needs; they also state they are protected from liability by qualified immunity. In support, they state that at the time of his arrest, Plaintiff reported that he had an old shoulder injury, and when evaluated by medical personnel, was found to have great range of motion. (Doc. No. 51-1, pp. 1-2.) Plaintiff was injured in an altercation with another inmate on September 6, 2013, and was taken to the local hospital for stitches. (Id., pp. 3-4, 10-12). On October 20, 2013, Plaintiff

requested to be transferred to the ADC early to have a shoulder operation, and was told that the ADC would have to make that decision. (Id., p. 16.) Although Plaintiff occasionally complained about his left shoulder hurting from an accident which occurred a couple of years prior, he was provided medication and could purchase over-the-counter medications from the commissary. (Id., p. 5.) In addition, staff reported that Plaintiff's demeanor was cheerful and full of energy. (Id.)

### B. Plaintiff's Response

In Response, Plaintiff disputes Defendants' statements of facts, and states he told Jail officials that he had just broken his shoulder a few weeks prior to his arrest, and pleaded with them to allow him to be taken for his previously-scheduled surgery. (Doc. No. 53, pp. 1, 2.) He also denies receiving pain medications during his incarceration at the Jail. (Id.)

### C. Defendants' Reply

Defendants provide additional medical records to show that during his incarceration Plaintiff was prescribed the following medications: Ibuprofen, Omeprazole, Nortriptyline, Lisinopril, and Venlafaxine. (Doc. No. 58-1, pp. 1-5.)[2] On July 15, 2013, Plaintiff submitted a sick call request, stating that he was supposed to have undergone shoulder surgery the day after his arrest to repair a dislocated shoulder; on that same day, he was seen by a medical provider who noted that Plaintiff's condition should be monitored. (Id., pp. 17-18.) On August 5, 2013, Plaintiff requested the Jail seek ADC approval for shoulder surgery, and the Jail responded that the request was not approved by the ADC. (Id., p. 12.) On October 22, 2013, Plaintiff requested pain medication, other than "IBU's."

---

[2] According to WebMD.com/drugs, Omeprozole is used to treat gastroesophageal reflux conditions, Lisinopril is used to treat high blood pressure, and Venlafaxine and Nortriptyline are antidepressants.

(Id., p. 9.) Plaintiff was transferred to the ADC in mid-December, 2013 (Doc. No. 31.)[3]

**D.     Analysis**

Although it is not clear whether Plaintiff was incarcerated as a pretrial detainee, in the Eighth Circuit, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).[4] Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to his health and safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). In addition, " a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

In addition, qualified immunity protects officials who act in an objectively reasonable

---

[3] There is no information in the record to indicate that Plaintiff underwent surgery after his transfer from the Jail.

[4] The due process standard of the Fourteenth Amendment applies to determine the constitutionality of pretrial detainee conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976),

5

manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[5] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Defendant Pennington was the Sheriff of Saline County at the time Plaintiff filed his lawsuit, and Defendant Birdsong was an officer at the Jail. (Doc. Nos. 1, 14.) Plaintiff does not specifically refer to them or to any contact with them in his original or amended complaints. (Id.) As noted

---

[5]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

above, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d at 176.

In addition, the medical and grievance records provided by Defendants show that Plaintiff was treated on several occasions by medical personnel at the Jail, and routinely received several prescription drugs. While Plaintiff did not receive surgery for his shoulder/collarbone condition while incarcerated at the Jail, Plaintiff provides no evidence that Defendants' failure to do so constituted deliberate indifference to his serious medical needs. Defendants present evidence to show that while Plaintiff did periodically complain about shoulder pain, he also had adequate mobility and acted cheerful during his stay. Therefore, based on Defendants' Motion and supporting evidence, and Plaintiff's failure to provide allegations and evidence of Defendants' knowledge and participation in his medical care and treatment, the Court finds that they acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right by Defendants.

## III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 49) be GRANTED, and that Plaintiff's claims against them be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 28th day of October, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE